*326 PETTIGREW, J.,
Concurs with the Results, and assigns Reasons.
I,Although I concur with the result reached by the majority, I do not agree with the affirmative statement in Lefort v. Venable, 95-2345, p. 4 (La.App. 1 Cir. 6/28/96), 676 So.2d 218, 220, that in medical malpractice actions, opinions from medical experts are necessary to determine both the applicable standard of care and whether that standard was breached. I humbly agree with the holding in Pfiffner v. Correa, 94-0924, 94-0963, 94-0992, pp. 9-10, 643 So.2d 1228, 1234 (La.1994) which stated:
We hold that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2794’s requirements without medical experts, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician’s conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which demonstrates a breach thereof. Even so, the plaintiff must also demonstrate by a preponderance of the evidence a causal nexus between the defendant’s fault and the injury alleged.